Filed: December 12, 2011

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

BRIEFING ORDER - CRIMINAL/GRAND JURY
_____

No. 11-4992,  <u>US v. Bruce Abramski, Jr.</u>
7:10-cr-00068-GEC-1

Briefs and appendix shall be served and filed within the time provided in the following schedule:

Appendix due: 01/17/2012

Opening brief due: 01/17/2012

Response brief due: 02/09/2012

Reply brief permitted within 10 days of service of response brief.

The briefs and appendix must conform to the [Rule Requirements for Preparation of Briefs and Appendices](#) and the [Fourth Circuit Checklist for Briefs and Appendices](#), which set forth the applicable [Federal and Local Rules](#). These documents are available as links from this order and at the court's web site, [www.ca4.uscourts.gov](#).

All parties to a side must join in a single brief, even in consolidated cases, unless the court grants leave to file separate briefs pursuant to Local Rules 28(a) and 28(d). Failure to file an opening brief within the scheduled time may lead to imposition of sanctions against court-appointed counsel or dismissal of the case pursuant to Local Rule 45 for failure to prosecute; failure to file a response brief will result in loss of the right to be heard at oral argument The court discourages motions for extension of time and grants extensions of the briefing schedule only in extraordinary circumstances upon a showing of good cause. Local Rule 31(c). If a brief is filed after its due date, the time for filing briefs in the schedule will be extended by the number of days the brief was late.

Pursuant to Local Rule 34(a), the court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. If a case is selected for the oral argument calendar, counsel will receive notice that the case has been tentatively calendared for a specific court session approximately 45 days in advance of the session. Counsel will be afforded 10 days to file any motions that would affect the argument of the case.

Anders Procedures: If defendant's counsel finds no appealable issue and therefore intends to file a brief under Anders v. California, 386 U.S. 738 (1967), the following procedures apply:

    (1) If the Anders brief is being filed in a consolidated case in which co-defendants are not proceeding under Anders, counsel must prepare a separate opening brief and move to deconsolidate the Anders appeal.
    (2) An Anders brief that simply states there are no appealable issues is insufficient--rather, counsel's opening brief must identify any arguable issues with appropriate record citations and state, in a brief discussion with case citation, why such issues lack merit.
    (3) Because counsel must review the entire record in an Anders appeal, counsel must order all transcript in the case (including hearings). Since the court must review the entire record, an appendix is unnecessary, and copying expenses for an Anders appendix are not recoverable under the Criminal Justice Act, although the costs for providing transcripts to the defendant are reimbursable.
    (4) Counsel must file a **certificate of service of Anders brief** on defendant, stating that the defendant has been provided copies of the Anders brief and all transcripts and advised of his right to file a supplemental pro se brief within 30 days. If the defendant is not English-speaking, the certificate must also state that counsel has arranged to have the Anders brief and counsel's certificate of service of Anders brief on defendant interpreted or translated so that the defendant may choose whether to file a supplemental pro se brief. CJA counsel must first move for authorization of translator or interpreter services under the Criminal Justice Act.

                                            /s/ PATRICIA S. CONNOR, CLERK
                                            By: Diane H. Burke, Deputy Clerk