# PREPARATION AND FILING OF CJA FORM 20

**FILING INSTRUCTIONS.** The court requires that the CJA 20 voucher be filed within 60 days of <u>final disposition</u> of the case. Final disposition for this purpose means the later of: (1) the date of judgment; (2) the denial of rehearing; or (3) the granting or denial of a petition for writ of certiorari by the Supreme Court. Vouchers must be carefully reviewed prior to submission to ensure that they do not contain errors, duplicate claims, or other improper charges. Vouchers are filed in paper form, not electronic form.

Submit your CJA 20 voucher to the attention of Patty Layne, Clerk's Office, 1100 East Main Street, Suite 501, Richmond, Virginia 23219-3517. The voucher must be accompanied by time and expense worksheets, receipts, and other documentation as set forth below. Any questions regarding compensation, reimbursable expenses, or preparation of vouchers should be directed to Patty Layne in the Clerk's Office, (804) 916-2727. For complete CJA guidance, including historical rate information, see http://www.uscourts.gov/uscourts/cjaort/index.html or http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel.aspx.

A line-by line explanation of CJA Form 20 and required supporting documentation follows:

**ITEMS 1-13.** The Clerk's Office has completed this information on the form; however, you should check that the information in item 12 is correct. The compensation check is mailed from the Disbursing Office at the Administrative Office in Washington, DC to the address shown on the voucher. If the address is incorrect, the check <u>will not</u> be forwarded by the post office to another address.

**ITEM 14--Law Firm Name, Address & TIN if Earnings Belong to Firm.** Complete this Item ONLY if you have a pre-existing agreement with a law firm or corporation (including a professional corporation) that CJA earnings belong to the law firm or corporation, rather than to you. If you have such an agreement, you must provide the court with the law firm or corporation's Taxpayer Identification Number (TIN) and their name (as registered with the IRS) and address. This information will allow the earnings to be reported to the Internal Revenue Service on a 1099 statement as earnings of the law firm or corporation rather than as your earnings.

**ITEM 15--In-Court Compensation.** Compensation rates are the same for in-court time and out-of-court time. Up to one hour of in-court time is allowed for oral argument. Any time in excess of one hour must be added to the out-of-court time.

**ITEM 16–Out-of-Court Compensation.** Appointed counsel's time is compensated at the rate of $126 per hour for work done on or after March 1, 2014 ($110 per hour for work between September 1, 2013, and February 28, 2014; and $125 per hour for work between January 1, 2010 and August 31, 2013). On the applicable lines, enter the actual time spent in hours and tenths of hours, multiply the number of hours spent by the rate applicable at the time the work was done, and enter this figure in Item 16. Claims for compensation must be supported with an itemized statement of the time spent on the appeal. The itemized statement must show a brief description of the services rendered broken down into 16(a) interviews and conferences, 16(b) obtaining and reviewing records, 16(c) legal research and brief writing, 16(d) travel, and 16(e) investigative and other work, and the amount of time spent in hours and tenths of hours, charged on each separate date. The court's CJA 20 worksheets include an automatic calculation function that expedites completion of the voucher and reduces math errors. Use of the worksheets facilitates

the court's review; however, billing records may be submitted in place of the worksheets so long as all hours claimed are assigned to one of the five categories and the totals for each category are listed on the face of the voucher. If excess compensation is requested which includes time spent in preparation of a petition for writ of certiorari, a copy of the petition must be attached to the voucher.

A $7,000 limitation, exclusive of expenses, applies to the compensation payable to appointed attorneys in direct criminal appeals, habeas corpus appeals, § 2255 appeals, and civil forfeiture appeals ($6,900 if all work was completed before March 1, 2014). For interlocutory appeals, appeals from orders dismissing an indictment, appeals from post-judgment motions, bail appeals, commitment appeals, appeals from probation revocation proceedings, extraordinary writs, and motions for authorization to file successive petitions, a $2,100 limit applies.

If another attorney is substituted during the appeal, joint compensation is limited to the statutory case maximum. Unless appointed in accordance with the Criminal Justice Act or acting with prior authorization of the court, followed by entry of appearance in the case, co-counsel or associate attorneys may not be compensated directly or indirectly under the Act. However, appointed counsel may claim compensation for services furnished by a partner or associate in appointed counsel's law firm within the maximum compensation allowed by the Act, separately identifying the provider for each service.

If compensation is sought in excess of the limitation, a memorandum detailing services must be attached to the voucher. If you are seeking compensation in excess of the limitation, you have the burden of providing sufficient details to establish that the case was more complex or time consuming than the average case and that the number of hours claimed is reasonable.

**ITEM 17--Travel Expenses.** The only travel expenses subject to reimbursement are those incurred by appointed counsel. The court will not pay travel expenses for non-appointed co-counsel or student counsel. Expenses for travel (e.g., transportation, lodging, meals, car rental, parking, tolls, etc.) must be itemized on an expense worksheet, indicating the date and the expense incurred, and the total for all travel expenses entered at Item 17. DETAILED RECEIPTS ARE REQUIRED FOR **ALL** TRAVEL EXPENSES. The CJA Guidelines prohibit the court from reimbursing counsel for alcoholic beverages, safe deposit boxes, in-room movies, or for lodging and/or expenses for anyone other than court-appointed counsel. In order for the court to comply with the prescribed limits, we require hotel and restaurant bills rather than credit card receipts.

If you are seeking reimbursement for a plane or train ticket not purchased through National Travel Service (NTS), you must submit a copy of the ticket or receipt and your Travel Authorization and must include a statement that the ticket you purchased cost less than the government rate you could have obtained through National Travel Service. Otherwise, reimbursement will be limited to the rate you could have obtained through NTS. If counsel purchased a plane or train ticket through National Travel Service, NTS will submit the claim to the court and receive direct payment.

Automobile travel may be claimed by itemizing on the expense worksheet the date of travel, destination, number of miles and rate per mile (56 cents per mile for travel on or after January 1, 2014, 56.5 cents per mile for travel on or after January 1, 2013, and 55.5 cents per mile for travel between April 17, 2012, and December 31, 2012) . Counsel traveling to a location for more than one representation must maintain their records in a manner that prevents submission

of duplicate travel reimbursement claims.

**ITEM 18–Other Expenses.** All other reimbursable expenses must also be itemized on the expense worksheet, indicating the date and expense incurred, and the total for all other expenses must be entered at Item 18. FOR EXPENSES OTHER THAN THOSE RELATED TO TRAVEL, RECEIPTS ARE REQUIRED FOR ANY EXPENSE EXCEEDING $50.

> **Record and Copying Expenses.** CJA counsel are not required to pay court copy charges in CJA cases. Counsel should register for a fee exempt PACER account for use in CJA cases at http://www.pacer.gov. Case-related copies made in your office will be reimbursed as out-of-pocket expenses, not to exceed $.15 per copy, by itemizing on the expense worksheet the date, description, number of copies and cost per copy. For photocopying and other services in preparation of briefs and appendices by commercial printers, reimbursement shall not exceed $.35 per copy. Prior authorization of commercial copying services for briefs and appendices is required only if the length of the appendix exceeded the 500 pages (250 double-sided sheets) authorized by Local Rule 32(a). If a commercial printer prepared the briefs and appendix and printing costs exceeded $100, the printer may make separate application on a CJA Form 21 for direct payment for the costs incurred. If commercial printing costs of less than $100 were incurred, counsel may request reimbursement by submitting a copy of the printer's invoice with counsel's voucher. Petitions for rehearing should have been copied in-house as the court does not reimburse commercial printers for such costs. Because Rule 14(1)(i) of the Supreme Court Rules requires only a limited appendix to accompany a petition for writ of certiorari, copying costs for petitions for writs of certiorari and accompanying appendices shall not exceed $500 absent advance permission of the court of appeals. Copy costs for CD's and DVD's may not exceed $1.00 per copy.
>
> **Computer Assisted Legal Research.** Claims for reimbursement for computer assisted legal research must be supported with a copy of the bill and receipt for the use of the legal research services or an explanation of the precise basis of the charge (e.g., indicating the extent to which it was derived by proration of monthly charges or by charges identifiable to the specific research). If the amount claimed is in excess of $500 or if it includes costs for downloading or printing, counsel should include a brief justification.
>
> **Long Distance Telephone Calls and Facsimile Charges.** Counsel may claim reimbursement for long distance phone calls and facsimile charges by itemizing the date, description, and cost on the expense worksheet. If the amount exceeds $50, a copy of the bill is required. Any other charge associated with use of counsel's phone or fax equipment is considered non-reimbursable office overhead.
>
> **Miscellaneous Other Expenses.** Postage, courier services, etc. may be claimed by itemizing on the expense worksheet the date, brief description of the service rendered and why, as well as the cost of each individual service. If the expense exceeds $50, a detailed receipt must also be attached. Counsel may also claim reimbursement for the expenses of successfully defending malpractice claims arising out of representational services, not to exceed the deductible amount of counsel's professional liability insurance policy or $5,000, whichever is less.

**GRAND TOTALS.** Enter the grand total claimed by adding in-court compensation, out-of-court compensation, travel expenses, and other expenses.

**ITEM 19--Dates of Service.** You must certify the dates your representation began and ended.

**ITEM 20--Appointment Termination Date.** If your appointment was discontinued by order of the court, give the effective date for termination of appointment.

**ITEM 21--Case Disposition.** Enter one of the following case disposition codes: A for Affirmed; R for Reversed; 0 for Remanded; RA for Reversed in Part/Affirmed in Part; AR for Affirmed in Part/Reversed in Part; 1 for Dismissed.

**ITEM 22--Claim Status.** Indicate by checking the appropriate box whether the voucher is (1) the final payment for services, (2) an interim payment, or (3) a supplemental payment (additional claim submitted after final payment is made). If an interim payment, indicate the interim payment number. Complete the remaining portion of Item 22 and sign and date the affirmation statement.

**ITEMS 23-34a.** These items will be completed by the court after submission of the voucher. Every claim for compensation for services rendered and/or reimbursement for expenses incurred must be reviewed for both reasonableness and compliance with the CJA.

**RECORDS.** Counsel must maintain contemporaneous time and expense records for all work performed and expenses incurred. The records must be maintained by counsel for three years because the Criminal Justice Act makes vouchers subject to audit for three years after approval of payment. Any overpayments are subject to collection, including deduction from amounts due on future vouchers.

**PUBLIC DISCLOSURE OF ATTORNEY FEE INFORMATION:** After completion of the appeal, the voucher (though not the supporting documentation) will be made available in response to a public request unless counsel requested, at or before the time the voucher was filed, that public disclosure be limited to the amounts approved for payment in order to (1) protect any person's Fifth Amendment right against self-incrimination, (2) protect the defendant's Sixth Amendment right to effective assistance of counsel; (3) protect the defendant's attorney-client privilege; (4) protect counsel's work product privilege; (5) protect the safety of any person; or (6) protect any other interest that justice may require. For further information, see CJA 19 Notice to Court-Appointed Counsel of Public Disclosure of Attorney Fee Information.

**SERVICES CLAIMED ON CJA FORM 21:** Payment for services provided by a legal research firm, paralegal, legal assistant, law student, or translator is requested on a CJA Form 21, available at http://www.ca4.uscourts.gov.

**WORKSHEETS:** CJA 20 Worksheets